UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY SIDES,                      : CIVIL NO: 1:CV-04-1349
                                    :
            Plaintiff               :
                                    :
      v.                            :
                                    : (Magistrate Judge Smyser)
ROBERT MARSH, et al.,               :
                                    :
            Defendants              :

**<u>ORDER</u>**

On July 8, 2005, the plaintiff filed an affidavit pursuant to 28 U.S.C. § 144 requesting that another judge be assigned to this case.

28 U.S.C. § 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Recusal under § 144 is not automatic. *Cooney v. Booth,* 262 F.Supp.2d 494, 500 (E.D.Pa. 2003).  Rather, [u]nder the

statute the court must first determine (1) whether the affidavit is legally sufficient and (2) whether it was timely filed." *Id.*

All factual allegations in the affidavit must be accepted as true. *Id.* "[I]t is the duty of the judge to pass only on the legal sufficiency of the facts alleged to ascertain whether they support a charge of bias or prejudice." *Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976). "Neither the truth of the allegations nor the good faith of the pleader may be questioned, regardless of the judge's personal knowledge to the contrary." *Id.* However, conclusory allegations need not be accepted as true. *Jones v. Pittsburgh Nat. Corp.,* 899 F.2d 1350, 1356 (3d Cir. 1990). "The test is whether, assuming the truth of the facts alleged, a reasonable person would conclude that a personal as distinguished from a judicial bias exists." *Mims, supra,* 541 F.2d at 417.

The plaintiff states in his affidavit that the court has granted motions for extensions of time filed by the defendants without first affording him an opportunity to respond to those motions. The plaintiff states that the undersigned allows the defendants to violate judicial procedures and court orders while holding him to a higher standard.

2

_____The plaintiff's statements in his affidavit concern a
disagreement with the rulings of the court on the defendants'
motions for extensions of time.  The plaintiff's affidavit is not
sufficient to charge personal bias or prejudice on the part of
the undersigned.  The court's rulings in this case do not
constitute a valid basis for a charge of personal bias or
prejudice. See *United States v. Grinnell Corp.,* 384 U.S. 563,
(1966)("The alleged bias and prejudice to be disqualifying must
stem from an extrajudicial source and result in an opinion on the
merits on some basis other than what the judge learned from his
participation in the case."); *Liteky v. United States*, 510 U.S.
540, 555-56 (1994)(stating that judicial rulings alone almost
never constitute a valid basis for a bias or partiality motion
and that in and of themselves (i.e. apart from surrounding
comments or accompanying opinion), they cannot possibly show
reliance upon an extrajudicial source: and can only in the rarest
circumstances evidence the degree of favoritism or antagonism
required when no extrajudicial source is involved).

Since the plaintiff's affidavit is not sufficient to
charge personal bias or prejudice on the part of the undersigned,
the plaintiff's request that another judge be assigned to this
case will be denied.

3

**IT IS ORDERED** that the plaintiff's request (doc. 211) that another judge be assigned to this case is **DENIED.**

                                        ___/s/ J. Andrew Smyser___
                                        J. Andrew Smyser
                                        Magistrate Judge

DATED: July 14, 2005.

4