```
               UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY SIDES,                  : CIVIL NO: 1:CV-04-1349
                                :
          Plaintiff             :
                                :
     v.                         :
                                : (Magistrate Judge Smyser)
ROBERT MARSH, et al.,           :
                                :
          Defendants            :
```

**ORDER**

On June 23, 2004, the plaintiff, a prisoner proceeding *pro se*, commenced this action by filing a complaint. On July 12, 2004, the plaintiff filed an amended complaint, and on October 13, 2004, he filed a second amended complaint. On May 6, 2005, the plaintiff filed a third amended complaint.

The third amended complaint contains a number of claims including claims that the plaintiff has been retaliated against for his legal activities, that he is being held in the Special Management Unit (SMU) at the State Correctional Institution at Camp Hill (SCI-Camp Hill) under punitive conditions, that he is denied magazines and other publications, that on the basis of

his confinement in the SMU he is denied eligibility for parole, that he was assaulted, and that he has been and continues to be denied needed mental health treatment.  The plaintiff states that his claims are based on the First, Eighth and Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act, the Rehabilitation Act and state tort law.  He is seeking compensatory and punitive damages as well as injunctive relief.

The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c).

This order addresses a number of motions that are pending in this case.

On September 15, 2005, the plaintiff filed a motion for the appointment of counsel.  By a Memorandum and Order dated September 21, 2005, we indicated that we will deny the plaintiff's motion for the appointment of counsel.[1]  However, we also indicated that we would send a letter and a copy of the

---

1. We note that, although the body of the Memorandum and Order of September 21, 2005 indicated that the plaintiff's motion for the appointment of counsel will be denied, the actual Order portion of the Memorandum and Order did not deny the plaintiff's motion for the appointment of counsel.

2

order of September 21, 2005 to Angus Love, Esquire and Jere Krakoff, Esquire.  We further indicated that the motion to appoint counsel will be reconsidered and granted if either attorney agrees to be appointed.

On September 27, 2005, Michael J. Cooke, Esquire and Angus R. Love, Esquire, both of the Pennsylvania Institutional Law Project, entered their appearances on behalf of the plaintiff.

Since counsel has appeared on behalf of the plaintiff, we will grant the plaintiff's motion for the appointment of counsel.

After counsel entered their appearances on behalf of the plaintiff, the plaintiff's counsel and the defendants' counsel agreed on a resolution of the outstanding discovery disputes between the parties.  The plaintiff (through counsel) filed a motion to withdraw his motion for sanctions.  By an Order dated November 1, 2005, the plaintiff's motion to withdraw his motion for sanctions was granted and the motion for sanctions was withdrawn.  There is also, however, another motion that the plaintiff filed before he was represented by counsel that relates to discovery problems.  That motion is the

plaintiff's "Motion Requesting Assistance" which was filed on September 15, 2005.  Since it is the court's understanding that the parties have resolved their discovery disputes, we will deny as moot the plaintiff's motion requesting assistance.

Also since any issue regarding sanctions has been resolved, we will now grant the motion of John J. Talaber, Esquire to withdraw his appearance on behalf of the defendants.

On August 15, 2005, defendants Beard and the Department of Corrections (DOC) filed a motion for partial judgment on the pleadings and a brief in support of that motion.  Defendants Beard and the DOC contend that judgment should be entered in their favor on the basis that the plaintiff's claims against them are barred by the Eleventh Amendment.

On September 6, 2005, the plaintiff, while still proceeding *pro se,* filed a document entitled "Objections to Defendants Motion for Partial Judgement on the Pleadings."  We construe that document as the plaintiff's brief in opposition to the motion for partial judgment on the pleadings.  The plaintiff indicated that he does not object to the claims against the DOC and against defendant Beard in his official

4

capacity being dismissed.  The plaintiff, however, asserted that he sued defendant Beard in both is official and individual capacity and that the claims against defendant Beard in his official capacity should not be dismissed.

On September 20, 2005, defendants Beard and the DOC filed a reply brief.  Despite the fact that the caption of the plaintiff's third amended complaint states that "all defendants are being sued in there [sic] individual and official capacities," the defendants appear to contend that the plaintiff has not sued defendant Beard in his individual capacity.  The defendants also raise - for the first time - the argument that the plaintiff has not alleged that defendant Beard took any action that caused him harm and that defendant Beard may not be liable on the basis of *respondeat superior*.

On September 22, 2005, again while still proceeding *pro se*, the plaintiff filed a motion requesting leave to supplement his objections to the defendants' motion for partial judgment on the pleadings and a brief in support of that motion.  The plaintiff requests that he be allowed to withdraw his objections  and file supplemental objections.  He asserts that his claims against defendants Beard and the DOC pursuant to the

5

Americans with Disabilities Act are not barred by the Eleventh Amendment.  The defendants have not filed a brief in opposition to the plaintiff's motion requesting leave to supplement his objections to the motion for partial judgment on the pleadings. We will grant the plaintiff's motion to the extent that we deem the plaintiff's initial objections (construed as a brief in opposition) to the motion for partial judgment on the pleadings as withdrawn and we will permit the plaintiff (through counsel) to file a new brief in opposition to the defendants' motion for partial judgment on the pleadings.

**IT IS ORDERED** that the plaintiff's motion (doc. 271) for the appointment of counsel is **GRANTED.  IT IS FURTHER ORDERED** that the plaintiff's motion (doc. 272) requesting assistance is **DENIED AS MOOT.  IT IS FURTHER ORDERED** that the motion (doc. 274) of John J. Talaber, Esquire to withdraw his appearance is **GRANTED.  IT IS FURTHER ORDERED** that the plaintiff's motion (doc. 282) requesting leave to supplement is **GRANTED** to the extent that we deem the plaintiff's initial objections (doc. 268) to the defendants' motion for partial judgment on the pleadings withdrawn.  On or before November 28, 2005, the plaintiff (through counsel) shall file a brief in

6

opposition to the defendants' motion for partial judgment on the pleadings.

                                        ***/s/ J. Andrew Smyser***
                                        J. Andrew Smyser
                                        Magistrate Judge

DATED:   November 8, 2005.